UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-23507-UU/LMR

RAYMOND JOHNSON,

    Petitioner,

v.

MARK INCH,

    Respondent.

_____/

## ORDER ON MAGISTRATE'S REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Petitioner's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (D.E. 1).

THE COURT has reviewed the Petition and pertinent parts of the record and is otherwise fully advised in the premises.

This matter was referred to Magistrate Judge Lisette Reid who, on June 26, 2020, issued a Report (D.E. 18) (the "Report") recommending that the Petition be DENIED for the following reasons:

1. The trial court did not violate Petitioner's due process right by declaring his post-conviction motion a duplicate motion. D.E. 18 at 12.

2. Petitioner's claim that counsel was ineffective for coercing Petitioner into accepting an illegal sentence is belied by the record because Petitioner did not plea to an illegal sentence. *Id.* at 13.

3. Petitioner's claim that the trial court erred by failing to address Petitioner's claim that counsel made misrepresentations to induce his plea is belied by the record; the trial

1

court denied this claim, finding the record refuted Petitioner's claim as the fact that the sentences were not coterminous was explained in court prior to Petitioner entering his plea. *Id.* at 14; *see also* D.E. 14 Ex. I.

4. Petitioner's claim that counsel was ineffective for "placing the interests of the court above the interests of Petitioner" and "threatening" Petitioner that he would receive a life sentence if he did not plea is meritless. D.E. 18 at 14–16. During the plea colloquy the prosecutor explained that Petitioner qualified as a Prison Release Reoffender and a Habitual Violent Offender. D.E. 14-2 at 26. Petitioner's sentencing exposure if he proceeded to trial and lost was 169.35 months up to life imprisonment and any sentence would require a mandatory-minimum of ten years of imprisonment. *Id.* at 26, 33. Petitioner understood his sentencing exposure as explained at the hearing and had discussed the sentencing with counsel. *Id.* at 33, 36; D.E. 18 at 16 ("This record conclusively refutes any allegation that counsel had divided loyalties that caused Petitioner to enter a plea.").

5. Petitioner's claim that counsel was ineffective for coercing Petitioner into accepting a "hardship" plea as a habitual violent offender is belied by the record because there is no evidence of coercion and Petitioner qualified as a habitual violent offender. D.E. 18 at 16–17.

6. Petitioner's claim that counsel was ineffective for withholding the "exonerating deposition testimony" of the state's victim is without merit because the record shows that "Petitioner was aware of the contents of the victim's deposition prior to entering his guilty plea." *Id.* at 17–18.

7. Petitioner's claims that both the trial court and appellate court violated his due process rights by altering the transcript of the plea colloquy is without merit because Petitioner has not established that the state court's finding that there were no alterations to the transcripts was erroneous and there is no evidence to suggest that any alteration was made. *Id.* at 18–19.

8. Petitioner's claim that the appellate court denied Petitioner's due process rights when it failed to rule upon his "judicial acts to be reviewed" motions is vague and insufficient to warrant relief. *Id.* at 19.

Petitioner did not file objections to the Report. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988) (holding that failure to file timely objections bars the parties from attacking factual findings on appeal).

Upon *de novo* review, the Court agrees with Magistrate Judge Reid's recommendations and concurs in all her findings. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Report, D.E. 18, is RATIFIED, ADOPTED, and AFFIRMED in all respects. It is further

ORDERED AND ADJUDGED that the Petition, D.E. 1, is DENIED. It is further

ORDERED AND ADJUDGED that no certificate of appealability shall issue. No evidentiary hearing shall be held. It is further

ORDERED AND ADJUDGED that this case is CLOSED.

DONE AND ORDERED in Chambers in Miami, Florida this _30th_ day of September, 2020.

*[signature: Ursula Ungaro]*

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided:
Raymond Johnson, *pro se*
Magistrate Judge Reid

4